IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-742-D

| | | |
|---|---|---|
| THERESA M. QUINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TOWN OF FREMONT, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 18) by plaintiff Teresa M. Quinn ("plaintiff") to seal her original complaint (D.E.1) and substitute for it a redacted copy (D.E. 18-1) which would be a public document. The motion to seal is supported by a memorandum (D.E. 19) and unopposed by defendant Town of Fremont ("defendant"). For the reasons set forth below, the court will allow the motion in part and deny it in part.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* Here, as noted, the document sought to be sealed is a pleading, and therefore the right of access at issue arises under the First Amendment. *See Rushford v. New Yorker Magazine*, 846 F.2d 249, 252-53 (4th Cir. 1988).

While the presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court, "[w]hen the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The burden of establishing the showing necessary to overcome a First Amendment right of access falls upon the party seeking to keep the information sealed. *Id.* Specific reasons must be presented to justify restricting access to the information. *Id.* (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S.1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion")).

Here, plaintiff has demonstrated that information in certain paragraphs of her original complaint contain personal and confidential information subject to protection under N.C. Gen. Stat. § 160A-168, including information relating to non-party employees, former employees, and applicants, which is not generally available to the public or bearing importance to any public matters. This court previously allowed defendant's partial motion to strike those particular paragraphs from plaintiff's complaint. (D.E. 13). Plaintiff has since filed an amended complaint (D.E. 14) which omits the objectionable factual references. Based on this showing, the court finds that the presumption of access to the original complaint has been overcome. *Wolfe v. Green*, No. 2:08-1023, 2010 WL 5175165, at *2 (S.D. W. Va. 15 Dec. 2010) (holding that First Amendment right of access overridden with respect to proposed redactions that included personal financial information).

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

2

Here, the motion was filed on 21 April 2013. No opposition to this motion has been filed by any party or non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the original complaint contains confidential information not generally available to the public, the court has allowed a motion striking such information, and the proposed redacted complaint would omit only the objectionable information, the court finds that alternatives to sealing the original complaint do not exist at the present time.

While the original complaint may be permanently sealed, the court cannot approve plaintiff's proposal that the redacted copy be substituted for the original. The unredacted original must be retained, albeit under seal, for completeness of the record in this case.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1. Plaintiff's motion to seal (D.E. 18) is ALLOWED IN PART and DENIED IN PART.

2. The Clerk shall retain the filing at Docket Entry 1 under permanent seal in accordance with Local Civil Rule 79.2, E.D.N.C.

3. The Clerk shall append a copy of the proposed redacted complaint (D.E. 18-1) as an exhibit to the original complaint.

This, the 22nd day of May 2013.

_____
James E. Gates
United States Magistrate Judge